## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ABC Corp., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22-cv-7079 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule A, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the court is plaintiff's motion for leave to proceed temporarily under a pseudonym and for leave to file under seal the complaint, the accompanying exhibits, plaintiff's Local Rule 3.2 notice of affiliates, and its anticipated motion for a temporary restraining order. ECF No. 9. Plaintiff relies heavily on translations of a Chinese-language website to support its motion. *See* ECF No. 10 at 3–8. One of plaintiff's attorneys created these translations using the Microsoft Edge web browser's automatic translation service. Decl. of M. Trainor ¶ 8, ECF No. 10-1. There is no indication that anyone with knowledge of the Chinese language reviewed the computer-generated translations created by plaintiff's lawyer. *See id*. ¶¶ 8–11. The Chinese-to-English translations plaintiff has filed are therefore inadmissible under the "well-established rule that a document in a foreign language is generally inadmissible unless accompanied by a certified English translation." *Heredia v. Americare, Inc.*, 2020 WL 3961618, at *5 (S.D.N.Y. July 13, 2020), *reconsideration denied,* 2020 WL 4748295 (S.D.N.Y. Aug. 17, 2020) (quoting *Chen v. Wai? Café, Inc.*, 2016 WL 722185, at *6 n.5 (S.D.N.Y. Feb. 19, 2016)) (other citations omitted); *see XYZ Corp. v. P'ships &Unincorporated Ass'ns Identified on Schedule A*, No. 21-

cv-4193, order at 1–2 (N.D. Ill. Aug. 19, 2021) (Gottschall, J.); *Trapaga v. Cent. States Joint Bd. Loc. 10*, 2007 WL 1017855, at *7–8 (N.D. Ill. Mar. 30, 2007).

Additionally, questions of a translation's reliability and accuracy go to its weight and credibility rather than its admissibility. *See United States v. Zambrana*, 841 F.2d 1320, 1337–38 (7th Cir. 1988); Fed. R. Civ. P. 43(d); Fed. R. Evid. 604. The court does not know what the emphasized portion of the following passage means: "TWO NEW BRANDS FILED! A POPULAR ANIMATION AND AN ILLUSTRATION WORK, TAKE ADVANTAGE OF THE FACT THAT IT IS NOT FROZEN AND **QUICKLY REMOVE THE SHELF TO WITHDRAW CASH**." Decl. of M. Trainor Ex. 2 at 1, ECF No. 10-3 (emphasis added). Two additional examples are: (1) "GBC AGENT GENERAL MOTORS A NEW WAVE OF CASES TO ATTACK, GMC TRADEMARK RIGHTS PROTECTION, JUST OCCURRED, **SELLERS PAY ATTENTION TO VIEW!**" and (2) "HSP AGENT CASIO, HAS NOT YET BEGUN TO FREEZE, **THE SELLER QUICKLY CHECKED AND REMOVED**!" Decl. of M. Trainor Ex. 3 at 1–2, ECF No. 10-4 (emphasis added). What these statements mean is not apparent and has not been explained. These statements could indicate either that the translation is unreliable or that the translation is reliable, but the website is ambiguous in context.

Because plaintiff relies on inadmissible and potentially unreliable translations of foreign-language documents, its motion for leave to proceed temporarily under a pseudonym and for leave to file certain documents under seal is denied without prejudice. Plaintiff may renew its motion on or before January 3, 2023, and may proceed under a pseudonym until the court rules

on its renewed motion. All documents filed provisionally under seal shall remain sealed until the court rules on plaintiff's anticipated renewed motion to seal. *See* Local Rule 26.2(b).

Dated: December 19, 2022

_____/s/_____
Joan B. Gottschall
United States District Judge